## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| WORKSMART STAFFING, LLC, ) | |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and provide appropriate relief to a class of aggrieved females who were denied employment because of their sex. As alleged with greater particularity below, from at least August 1, 2020 through August 8, 2023, Defendant WorkSmart Staffing, LLC ("Defendant") intentionally failed or refused to hire or refer for employment a class of aggrieved females available to accept laborer positions at TCI of Alabama, LLC ("TCI"), a client of Defendant, because of their sex.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed in St. Clair County, Alabama, within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division. Venue is appropriate in this court.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a limited liability company doing business in Alabama and has continuously had over 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

6. At all relevant times, Defendant has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c), and has undertaken to procure employees for client employers.

7. At all relevant times, Defendant has been a covered entity under Sections 701(b) and (c) of Title VII, 42 U.S.C. § 2000e(b) and (c).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, a Commissioner's charge (Charge No. 420-2023-03894) was filed with the Commission alleging violations of Title VII by Defendant.

9. On February 10, 2025, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in conciliating the matter.

10. The Commission engaged in conciliation discussions with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant an acceptable conciliation agreement, and, on July 2, 2025, the Commission issued Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Defendant is an employment agency that recruits, hires and assigns employees to client companies who have staffing needs.

14. The assigned employees Defendant referred to client companies were hired and initially employed by Defendant while they were assigned to client companies as temporary workers.

15. Defendant paid wages to its assigned employees while they worked at client companies as temporary employees.

16. Defendant maintained a right to inspect each client company's worksite, enforce Defendant's employment policies related to its assigned employees, and unilaterally or in coordination with a client company assess the work performance of its assigned employees while they worked at client companies as temporary employees.

17. During the time assigned employees worked for a client company as a temporary worker, Defendant maintained the right to terminate or reassign its assigned employees to another client company.

18. On or about August 1, 2020, TCI became one of Defendant's client companies when Defendant entered into a client services agreement with TCI to recruit, screen, interview, hire and assign employees to work for TCI.

19. During the entire period when Defendant hired laborers for TCI, TCI procured all its laborers through employment agencies including Defendant.

20. After Defendant's assigned employees worked a minimum of 520 hours for a TCI, TCI could opt to either convert them to become a permanent employee of TCI or permit the individual to continue working as an employee of Defendant.

21. The majority of individuals whom Defendant recruited and hired to work for TCI were assigned to laborer positions at TCI's Pell City, Alabama plant.

22. From at least August 1, 2020 through August 8, 2023, Defendant failed to hire or refer a class of aggrieved individuals to work as laborers at TCI's Pell City, Alabama plant in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a) and (b).

23. During the period of August 1, 2020 to August 8, 2023, Defendant recruited qualified females who were interested in and available for laborer positions at its client companies, including TCI.

24. Tracy Horton, a Client Relations Specialist and later Branch Manager for Defendant's Leeds, Alabama location, was Defendant's primary contact for TCI when Defendant began providing staffing services to TCI.

25. TCI informed Tracy Horton that it would only accept males to work in its laborer positions and sometimes referred to its preference for male workers by stating TCI wanted Defendant to only assign "heavy lifters."

26. TCI manager, Stanley Head, informed Tracy Horton that TCI's President, George Jackson, did not want females to work on TCI's plant floor as laborers.

27. Mr. Head and other TCI managers also told Emily Harris who succeeded Tracy Horton as Defendant's Branch Manager not to waste time assigning females to laborer jobs at TCI because TCI would not let them work as laborers.

28. Defendant intentionally concealed the availability of laborer positions at TCI from a class of qualified female candidates.

29. Defendant intentionally excluded from employment a class of qualified females available for employment as laborers at TCI in favor of hiring equally or less qualified male applicants.

30. One aggrieved female was told she might be a good fit for the TCI job based on her work history, but was later told the position at TCI was no longer available.

31. Another aggrieved female was told on two different occasions that TCI was a male-only job when she was looking for work through Defendant.

32. Defendant failed or refused to hire and refer females to fill laborer positions with TCI.

33. Defendant complied with TCI's discriminatory preference by not hiring females to fill TCI laborer positions.

34. Defendant failed to train its employees not to comply with the type of discriminatory client preferences such as TCI instructing Defendant not to assign females to work in its laborer positions.

## COUNT I
## DISPARATE TREATMENT BASED ON SEX – EMPLOYER
## 42 U.S.C. § 2000e-2(a)(1)

35. Plaintiff incorporates by reference and reasserts the allegations in Paragraph Nos. 6 through 34 of this Complaint.

36. From at least August 1, 2020 through August 1, 2023, Defendant was an employer engaged in unlawful employment practices in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

37. Defendant's discriminatory treatment of a class of aggrieved females included, but was not limited to, favoring males to hire and refer for available laborer positions at TCI, and failing to recruit, hire and refer qualified female applicants for laborer positions at TCI because of their sex (female).

38. The unlawful employment practices complained of in Paragraph Nos. 6 through 34 above were intentional.

39. The unlawful employment practices complained of in Paragraph Nos. 6 through 34 above were done with malice or reckless indifference to the federally protected rights of a class of females qualified for laborer positions.

40. The result of the discrimination complained of in Paragraph Nos. 6 through 34 above has been to deprive a class of aggrieved females who were qualified and available for laborer positions of equal employment opportunities and otherwise adversely affect their status as potential employees because of their sex (female).

COUNT II
DISPARATE TREATMENT BASED ON SEX – EMPLOYMENT AGENCY
42 U.S.C. § 2000e-2(b)

41. Plaintiff incorporates by reference and reasserts the allegations in Paragraph Nos. 6 through 34 of this Complaint.

42. From at least August 1, 2020 through August 1, 2023, Defendant was an employment agency engaged in unlawful employment practices in violation of Section 703(b) of Title VII, 42 U.S.C. § 2000e-2(b).

43. Defendant's discriminatory treatment of a class of aggrieved females included, but was not limited to, favoring males to refer for available laborer positions at TCI, and failing to recruit and refer qualified female applicants for laborer positions at TCI because of their sex (female).

44. The unlawful employment practices complained of in Paragraph Nos. 6 through 34 above were intentional.

45. The unlawful employment practices complained of in Paragraph Nos. 6 through 34 above were done with malice or reckless indifference to the federally protected rights of a class of females qualified for laborer positions.

46. The result of the discrimination complained of in Paragraph 6 through 34 above has been to deprive a class of aggrieved females who were qualified and available for laborer positions of equal employment opportunities and otherwise adversely affect their status as potential employees because of their sex (female).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole the class of aggrieved female potential laborer employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place hiring of qualified females, and, where appropriate, front pay and instatement.

D.     Order Defendant to make whole the class of aggrieved female potential laborer employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.     Order Defendant to make whole the class of aggrieved female potential laborer employees by providing compensation for past and future nonpecuniary

losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

    F.    Order Defendant to pay the class of aggrieved female potential laborer employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    G.    Order Defendant to pay the class of aggrieved female potential laborer employees nominal damages in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Andrew B. Rogers
Acting General Counsel

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

*/s/ Marsha Lynn Rucker*
_____
Marsha Lynn Rucker (PA 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045